Cornetta, Robert A., J.
The petitioner brings this action pursuant to Mass.R.Civ.P. 27(a), ostensibly for the purpose of perpetuating the testimony of others as provided for by the rule.
At hearing, the petitioner has represented at oral argument that his client (a franchiser) seeks to determine whether or not it can maintain an action against three identified persons for inter alia, breach of contract and fraud.
The Massachusetts rule generally mirrors its counterpart under the federal rules of civil procedure. There exists little state law on the issue. (See In re Laura Lyons and others, 2 Mass. L. Rptr. 505, Superior Court of Massachusetts, No. 941040, 1994, WL 879791, 1994, Mass.Sup.Ct.).
In interpreting the federal rule, courts have held that Rule 27 is not a discovery rule and it is not the purpose of the rule to enable a would-be litigant to ascertain whether any facts exist upon which they may frame a complaint. See United States v. Local 14, International Union of Operating Engineers, 16 F.R. Serv., 2d, 111, 112 (S.D.N.Y 1972).
The rule’s language first sets as a condition “that the petitioner expects to be a party to an action cognizable in a court where these rules apply but is presently unable to bring it or cause it to be brought
That plain language anticipates that the petitioner will be bringing a civil action sometime in the future as opposed to the petitioner seeking to determine whether or not it has sufficient grounds to bring an action.
The rule is a successor to G.L.Ch. 233, §46. Under the statute a person seeking to perpetuate testimony merely had to apply in writing to a justice of the peace and notary public (or any combination of the two) in order to proceed.
The successor rule creates the condition precedent as a means of preventing discovery abuse and so called “fishing expeditions.” In essence, the rule cannot be employed to investigate whether or not a cause of action ought to be brought. The petitioner must anticipate bringing the action before it can avail itself of the rule’s benefit.
Based upon this reasoning, the petitioner at hearing has put forward an insufficient record before the Court that it anticipates bringing the action as a precursor to seeking to employ the rule.
Finally, the petitioner argues that since the Iannachino decision (Iannachino v. Ford Motor Company, 451 Mass. 623, 2008) the bar for effective pleading has been raised so high as to require a broader interpretation of the rule to permit its use in an expanded fashion to satisfy the higher standard of pleading.
The argument is unpersuasive. Facts can be adduced from traditional sources to determine whether or not a cause of action will lie without the need of expanding upon the application of the rule and returning to the potential for discovery abuse occasioned under the statutory provision.
The petition is denied. The complaint is ordered dismissed upon the docket with prejudice.